The bill prays an injunction to stay proceedings at law. The decree in tiiis case must be grounded altogether on tiie construction to be given to a law of this state passed on the 8th of March, 1T85; entitled “'an net, to oblige all persons interested in marriage deeds and contracts to record them in the Secretary’s Office of this state.” The first clause of this act is merely directory or prescriptive, viz. That all marriage settlements then existing should be recorded within a limited time. The second is to the same effect, respecting such as should be thereafter entered into, within the state. The third clause is the only one which contains a penalty for neglecting or refusing to record such marriage deed, settlement, or contract as therein recited: In which clause1 (he word such, must be considered as a relative, and by every rule of grammatical construction must be confined to that clause as its antecedent. Upon our first perusal of the act, wc were led to imagine that there must have been an error in the printing of it, and that we might have all doubt on the subject removed, we thought it advisable to procure a certified copy of the original act as ratified and *306 recorded from the Secretary’s Office, and we found it verbatim et literatim the same as the printed copy. Having ascertained this fact, wc proceeded to consider the act by all the rules and principles, grammatical and legal, which arc made use of in the construction of laws; and we find the several parts or clauses so disjointed, unconnected and independent of each other, that we cannot presume to say whether the Legislature meant to extend the penalty to the two preceding clauses or not; and to add words to give the law a different construction! from what it at present admits of, would be to exercise legislative power, which we certainly have no right -to do. We must therefore take the law as we find it, and our decisions are to be governed by it as it is. We observe further that the people of every free country are to be governed by the laws as they are promulgated to them. Every law therefore to enforce due obedience to its mandates, ought to be clear, precise and determinate, so as that he that reads it may understand it: But in the present case it is exactly the reverse. To enforce therefore such a law would be to entrap and ensnare not only the ignorant and1 unwary, but the most wise and prudent citizens in the state; and it would be infinitely preferable that every mischief intended to have been remedied by the law should issue, rather than so dangerous a principle should be countenanced in our jurisprudence. It has been contended at the bar, that as the law was intended for the benefit of creditors, who are always favoured in this court, it ought to receive the most enlarged, liberal and beneficial construction for them. That creditors ought to be and are always favoured in this court there can be no doubt, and the construction contended for might have been in the contemplation of the Legislature when framing the law, but as w'o have already observed, we cannot render that perfect and effective, which is imperfect and defective. And there is another rule equally incontrovertible which applies here, and which wro must pay due regard to; that is, that penal laws are to be strictly construed in this, as well as in the courts of common law. The opinion of lord keeper Somers in the *307 case, of Taylor and Wheeler in Yornon 5G5, on this point, is in these words: “ It would he too hard to extend a penal law in a court of equity to the prejudice of the plaintiff,'’ &c. kc. The principle here laid down is very applicable to the present case, for could the lav/ have operated as has been contended for, it certainly would have been highly penal on the present complainants. On the whole- of the case, we are of opinion that the law is so grossly defective and imperfect, that we cannot think ourselves warranted under it, to decree the penalty against the parties interested in the marriage settlement now in question, for not having recorded the- same, so as to sub -. jeet the property thereby intended to he secured for their benefit, to the debts contracted by the complainant James Lennox, any otherwise than as he may be entitled to the-profits thereof.
It is therefore decreed, That the injunction quoad the principal* of the property contained in the said settlement be made perpetual, and that each party pay their own costs.

As far as the husband was entitled to the profits, they were considered and made liable to his debts.